UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED
AUG 14 2013
CLERK, U.S. DISTRICT COURT
By _____
    Deputy

| | |
|---|---|
| KELLY HORTON and GARY HORTON, <br>     PLAINTIFF <br><br> V. <br><br> M&T BANK, SUCCESSOR BY MERGER TO M&T MORTGAGE CORPORATION, BAYVIEW LOAN SERVICING, and FEDERAL HOME LOAN MORTGAGE CORPORATION and BARRETT DAFFIN FRAPPIER TURNER & ENGEL, L.L.P., <br>     DEFENDANT | § § § § § § § § § § § § § <br><br> CASE NO. 4:13-CV-525 |

## MOTION TO DISMISS AND BRIEF IN SUPPORT OF MOTION TO DISMISS OF DEFENDANTS, M&T BANK, BAYVIEW LOAN SERVICING, LLC, AND FEDERAL HOME LOAN MORTGAGE CORPORATION

Defendants, M&T Bank, Bayview Loan Servicing, LLC, and Federal Home Loan Mortgage Corporation (collectively "Defendants"), move to dismiss Plaintiffs' Second Amended Complaint (the "Complaint") pursuant to FED. R. CIV. P. 12(b)(6).

**I.    PRELIMINARY STATEMENT**

1.    This case relates to the non-judicial foreclosure sale of real property commonly known as 6735 Park Place, Richland Hills, Texas 76118 (the "Property"). Plaintiffs, Kelly Horton and Gary Horton (collectively "Plaintiffs"), are attempting to assert causes of action against Defendants for breach of contract, unreasonable collection efforts, wrongful foreclosure, trespass to real property, and violation of the Federal Fair Debt Collection Practices Act. Plaintiffs also and seek to void the substitute trustee's deed and for injunctive relief.

2.    The Complaint fails to state a claim upon which relief can be granted and should be dismissed.

## II.   THE STANDARD APPLICABLE TO A MOTION TO DISMISS

3.   Under FED. R. CIV. P. 12(b)(6), a claim may be dismissed either because it asserts a legal theory that is not cognizable as a matter of law, or because it fails to lend sufficient facts to support a cognizable legal claim.[1]

4.   To survive a Rule 12(b)(6) motion, "[f]actual allegations must be enough to raise a right to relief above the speculative level" and into the "realm of plausible liability."[2]

5.   In *Twombly*, the Supreme Court recognized that Rule 12(b)(6) must be read in conjunction with Rule 8(a)(2), which requires a "short and plain statement of the claim showing that the pleader is entitled to relief."[3] Although a plaintiff is not required to include "detailed factual allegations" in a complaint, "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions."[4] Thus, a "formulaic recitation of the elements of a cause of action will not do."[5] Nor may a complaint merely offer "naked assertion[s]" devoid of "further factual enhancement."[6]

6.   Rather, to overcome a motion to dismiss, a complaint must "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face."[7] A claim has "factual plausibility" when the plaintiff pleads *factual* content that allows the court to draw the reasonable inference that a defendant has acted unlawfully and requires "more than the sheer possibility that a defendant has acted unlawfully."[8] When the pleaded facts "do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged -- but it

---

[1] *See e.g. SmileCare Dental Grp. v. Delta Dental Plan of California, Inc.*, 88 F.3d 780, 783 (9th Cir. 1999).
[2] *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 557 n.5 (2007); *see also Gonzalez v. Kay*, 577 F.3d 600, 603 (5th Cir. 2009).
[3] *Twombly*, 550 U.S. at 555; *see* FED. R. CIV. P. 8(a)(2).
[4] *Twombly*, 550 U.S. at 555; *see also Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) ("Rule 8 . . . demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation.").
[5] *Twombly*, 550 U.S. at 555.
[6] *Id.* at 557.
[7] *Iqbal*, 129 S. Ct. at 1949 (quoting *Twombly*, 550 U.S. at 570).
[8] *Id.*

has not 'show[n]' -- 'that the pleader is entitled to relief.'" *Id.* at 1950 (quoting FED. R. CIV. P. 8(a)(2)).

7. In assessing the sufficiency of a complaint in the context of a Rule 12(b)(6) motion, the Supreme Court in *Iqbal* established a two-step approach. First, a court should identify and disregard conclusory allegations in the complaint because they are "not entitled to the assumption of truth."[9] Second, a court should consider the well-pleaded factual allegations in the complaint to "determine whether they plausibly give rise to an entitlement to relief."[10] As discussed *infra*, Plaintiffs did not satisfy these basic pleading standards.

### III. THE COMPLAINT FAILS TO STATE A CLAIM FOR BREACH OF CONTRACT

8. The Complaint alleges Defendants are liable for breach of contract. To establish a claim for breach of contract, Plaintiffs must allege (1) that a valid, enforceable contract exists; (2) that the plaintiffs performed, tendered performance, or were excused from performing their contractual obligations; (3) that the defendants breached the contract; and (4) that the defendants' breach caused the plaintiffs' injury.[11] Plaintiffs' breach of contract claim fails for a number of reasons.

9. The first reason why Plaintiffs' breach of contract claim fails is because it improperly presumes for some unknown reason that Plaintiffs' repeated untimely delivery of payments called for in the Repayment Agreement somehow magically brought Plaintiffs' loan current.[12]

---

[9] *Id.*
[10] *Id.*
[11] *Hovorka v. Cmty. Health Sys.*, 262 S.W.3d 503, 508-9 (Tex. App.—El Paso [8th Dist.] 2008).
[12] *See* Complaint at ¶14

10.     The Plaintiffs stipulated in the Repayment Agreement that $2,866.45 was due on the loan as of March 12, 2012.[13] Plaintiffs plead that their regular monthly payment prior to the Repayment Agreement was $930.11 and that each of the 5 increased monthly payments of $1,294.55 set forth in the Repayment Agreement provided "$364.44 in additional funds to make up the past due balance."[14]

11.     Even presuming that the Plaintiffs had complied with the Repayment Agreement (which they did not), 5 payments of "$364.44 in additional funds" totals $1,822.22, a sum significantly short of the past due balance on the loan. Accordingly, payment of the 5 increased payments did not pay the loan current.

12.     Furthermore, the Repayment Agreement does not state that the loan is otherwise deemed current following the 5 increased monthly payments; the Repayment Agreement simply suspend foreclosure proceedings during the term of the Repayment Agreement, on condition that the borrowers timely comply with the terms of the Repayment Agreement.[15] The Repayment Agreement makes clear that "[t]ime is of the essence" and that the Plaintiffs "will not be provided a 'grace period' for any Payment Amounts."[16]

13.     Additionally, the Repayment Agreement provides that it may be terminated "upon default," and it contains no provision requiring notice of termination to the Plaintiffs.[17] The Complaint shows that Plaintiffs defaulted on the Repayment Agreement by making the May payment late, the June payment late, the July payment late, and the August payment late.[18]

---

[13] Complaint, Exhibit "A," page 2.
[14] Complaint at ¶14.
[15] Id.
[16] Id.
[17] Id.
[18] Complaint, Exhibit "B."

Defendants' Motion to Dismiss - Horton:2763911_1

14. Plaintiffs' allegation that the "loan [was] reinstated and placed in current status"[19] is conclusory and contradicted by the face of the Complaint.

15. Plaintiffs' allegation that September 25, 2012 notice of default falsely alleged that Plaintiffs were in default and that the accounting underlying the allegation of default are likewise conclusory and contradicted by the face of the Complaint. The 5 increased payments paid only $1,822.20 of the amount due on the loan as of the date of the Repayment Agreement, leaving $1,044.25 of the past due amount unpaid. The remaining unpaid past due amount coupled with an unpaid normal monthly payment of $930.11 for September 2012 is the simple and apparent explanation that Plaintiffs simply refuse to take into account.

16. Furthermore, Plaintiffs' claim that default and acceleration notices were not sent is also contradicted by the face of the Complaint. Although the Complaint states that Defendants did not send Plaintiffs a notice of default or a notice of foreclosure sale,[20] the Complaint also states that "MTB delivers a notice of default on September 25, 2012"[21] and that "[t]he December Notice provided by BDTFE . . . was sent" to Plaintiffs.[22]

17. Finally, Plaintiffs' complaint that Defendants violated a duty of good faith and fair dealing is contrary to the well-established authority. The argument that that a mortgage lender owes a duty of good faith and fair dealing in the performance of contracts has been soundly rejected by Texas courts and the U.S. Court of Appeals for the Fifth Circuit. "Three

---

[19] Complaint at ¶14.
[20] Complaint at ¶16,
[21] Complaint at ¶¶31 and 32.
[22] Complaint at ¶19. The December Notice is attached to the Complaint as Exhibit "C" and consists of a Notice of Acceleration and a Notice of Substitute Trustee Sale.

Texas intermediate appellate courts have explicitly refused to overlay an implied duty of good faith and fair dealing duty in the lender-borrower relationship. We join them in that respect."[23]

18. Plaintiffs' allegations of both their performance of the requirements of the contract and of the Defendants' breach of the contract are conclusory and contradictory. Accordingly, Plaintiffs fail to state a claim for breach of contract, and Plaintiffs' claim for breach of contract should be dismissed for failure to state a claim upon which relief can be granted.

## IV. THE COMPLAINT FAILS TO STATE A CLAIM FOR UNREASONABLE COLLECTION EFFORTS

19. Plaintiffs allege Defendants are liable for unreasonable collection efforts. In order to state a claim, Plaintiffs must show Defendants' actions in attempting to collect on the debt owed under the Note and Deed of Trust were part of a "course of harassment that was willful, wanton, malicious, and intended to inflict mental anguish and bodily harm."[24] "Debt collection efforts are tortious when lenders attempt to collect debts that are not actually owed."[25] "But if money is, in fact, owed to the lender, an unreasonable-collection-efforts claim cannot survive, even if the plaintiff disputes the amount of that debt."[26]

20. Plaintiffs have failed to plead facts sufficient to establish an unreasonable collection efforts claim because they currently owe money on the loan at issue. Therefore, Plaintiffs' unreasonable collection efforts claim should be dismissed for failure to state a claim upon which relief can be granted.

---

[23] *Hall v. Resolution Trust Corp.*, 958 F.2d 75, 79 (5th Cir. 1992) (internal quote and citations omitted); see also *FDIC v. Coleman*, 795 S.W.2d 706, 708–09 (Tex.1990) ("The relationship of mortgagor and mortgagee ordinarily does not involve a duty of good faith."); *Lovell v. W. Nat. Life Ins. Co.*, 754 S.W.2d 298, 303 (Tex.App.—Amarillo 1988, writ denied) ("We conclude there exists no special relationship between [mortgagor and mortgagee] and, therefore, no duty of good faith and fair dealing is implied.").
[24] *Defranceschi v. Wells Fargo Bank, N.A.*, 2011 WL 3875338 at *6 (N.D. Tex. 2011); *EMC Mortg. Corp. v. Jones*, 252 S.W.3d 857, 868 (Tex. App.—Dallas [5th Dist.] 2008, no pet.).
[25] *Defranceschi v. Wells Fargo Bank, N.A.*, 2011 WL 3875338, at *6 (N.D. Tex. 2011); *Navarez v. Wilshire Credit Corp.*, 757 F. Supp. 2d 621, 635 (N.D. Tex. 2010).
[26] *Id.*

## V. THE COMPLAINT FAILS TO STATE A CLAIM FOR WRONGFUL FORECLOSURE

16. The Complaint alleges Defendants wrongfully foreclosed on the Property. In order to state a claim, Plaintiffs must allege (1) a defect in the foreclosure sale proceedings; (2) a grossly inadequate selling price; and (3) a causal connection between the defect and the inadequacy of the selling price.[27]

17. Plaintiffs make a myriad of conclusory and contradictory allegations regarding the foreclosure sale of the Property; however, Plaintiffs have pleaded no facts to establish a causal connection between the alleged notice defects and the inadequacy of the selling price. Furthermore, the foreclosure sale purchase, $87,494.08, is over 95% of the fair market value determined by the Tarrant Appraisal District;[28] accordingly, the purchase price was not grossly inadequate, as a matter of law.[29]

18. Therefore, Plaintiffs' wrongful foreclosure claim fails to state a claim upon which relief can be granted, and it should be dismissed.

## VI. THE COMPLAINT FAILS TO STATE A CLAIM FOR TRESPASS TO REAL PROPERTY

19. The Complaint alleges Defendants are liable for trespass to real property. In order to state a claim for trespass to real property, Plaintiffs must allege (1) ownership of real

---

[27] *Charter Nat'l Bank–Houston v. Stevens*, 781 S.W.2d 368, 371 (Tex. App. —Houston [14th Dist.] 1989, writ denied).
[28] A true and correct of the Tarrant Appraisal District account summary is attached as Exhibit "A."
[29] *See Terra XXI, Ltd. V. Harmon*; 279 S.W.3d 781, 788 (Tex. App. – Amarillo 2007, rev. denied) (property valued at $5.7 million dollars that was sold for $20,000 and subject to a lien of more than $3 million (i.e, approximately 53% price-to-value) was not grossly inadequate.); *Richardson v. Kent*, 47 S.W.2d 420, 425 (Tex. Civ. App. – Dallas 1932, no writ) (a sales price of more than 50% of property value is not grossly inadequate as a matter of law).

Defendants' Motion to Dismiss - Horton:2763911_1

property,[30] (2) Defendants entered Plaintiffs' land,[31] and (3) the trespass caused injury to Plaintiffs' right of possession.[32]

20. Plaintiffs have pleaded no facts sufficient to establish that Defendants entered Plaintiffs' land or that they suffered any injury. Plaintiffs' trespass to real property claim fails to state a claim upon which relief can be granted, and it should be dismissed.

## VII. THE COMPLAINT FAILS TO STATE A CLAIM UNDER THE FEDERAL DEBT COLLECTION PRACTICES ACT

21. Plaintiffs allege Defendants violated the Federal Debt Collection Practices Act. In order to state a claim, Plaintiffs must prove Defendants are debt collectors as defined in the FDCPA.[33] Mortgage servicers who obtain the right to service a loan prior to default and therefore are not considered debt collectors under the FDCPA.[34]

22. Although Plaintiffs allege Defendants are debt collectors, Plaintiffs have established no facts sufficient to show Defendants are debt collectors. Conclusory allegations are not considered under the FED. R. CIV. P. 12(b)(6) pleading standard. Therefore, Plaintiffs' FDCPA claim should be dismissed for failure to state a claim upon which relief can be granted.

## VIII. PLAINTIFFS' REQUEST TO VOID SUBSTITUTE TRUSTEE'S DEED SHOULD BE DISMISSED

23. Plaintiffs request that the substitute trustee's deed be voided. A request to void a substitute trustee's deed is a remedy under Plaintiffs' wrongful foreclosure claim.[35]

24. Plaintiffs have failed to state a wrongful foreclosure claim upon which relief can be granted; therefore, Plaintiffs' request to void the substitute trustee's deed should be dismissed.

---

[30] *Cook v. Exxon Corp.*, 145 S.W.3d 776, 781 (Tex. App.—Texarkana [6th Dist.] 2004, no pet.)
[31] *Argonaut Sw. Ins. Co. v. Naupin*, 500 S.W.2d 633, 635 (Tex. 1973).
[32] *Pentagon Enters. v. Southwestern Bell Tel. Co.*, 540 S.W.2d 477, 478 (Tex. App.—Houston [14th Dist.] 1976, writ ref'd n.r.e.).
[33] 15 U.S.C. § 1692d.
[34] 15 U.S.C. § 803(6)(F)(iii).
[35] *Diversified, Inc. v. Gibraltar Sav. Ass'n*, 762 S.W.2d 620, 623 (Tex. App.—Houston [14th Dist.] 1988, writ denied)

Defendants' Motion to Dismiss - Horton:2763911_1

### IX. PLAINTIFFS' REQUEST FOR INJUNCTIVE RELIEF SHOULD BE DISMISSED

25.     The Complaint alleges Plaintiffs are entitled to injunctive relief. In order to state a claim for injunctive relief, Plaintiffs must prove: (1) that there is a probable right to relief; and (2) Plaintiffs will suffer a probable injury because (a) the harm is imminent, (b) the injury would be irreparable, and (c) there is no other adequate legal remedy.[36]

26.     Plaintiffs have failed to establish any probable right to relief under any of their claims. Therefore, Plaintiffs' injunctive relief request fails to state a claim upon which relief can be granted, and it should be dismissed.

### X. PRAYER

For the foregoing reasons, M&T Bank, Bayview Loan Servicing, LLC, and Federal Home Loan Mortgage Corporation, respectfully pray that the Court dismiss the claims against it with prejudice. M&T Bank, Bayview Loan Servicing, LLC, and Federal Home Loan Mortgage Corporation pray that the Court grant it such other and further relief to which it may be entitled in law or equity.

Respectfully submitted,

/s/ Johnny Taylor

Johnny Taylor
Texas State Bar No.: 24043953
Hughes, Watters & Askanase, L.L.P.
Three Allen Center
333 Clay, 29th Floor
Houston, Texas 77002
Telephone: (713) 759-0818
Facsimile: (713) 759-6834

ATTORNEY FOR DEFENDANTS,
M&T BANK, BAYVIEW LOAN SERVICING, LLC, AND FEDERAL HOME LOAN MORTGAGE CORPORATION

---

[36] *Harbor Perfusion, Inc. v. Floyd*, 45 S.W.3d 713, 716 (Tex. App.—Corpus Christi [13th Dist.] 2001, no pet.).

## Certificate of Service

I hereby certify that a true and correct copy of the foregoing document was served upon the following, via ECF and/or certified mail, return receipt requested, on August 13, 2013.

D. Kimberli Wallace
9500 Ray White Road, Suite 200
Fort Worth, Texas 76244
*Attorney for Plaintiffs*


Robert F. Maris
Matthew W. Lindsey
Maris & Lanier, P.C.
3710 Rawlins Street, Suite 1550
Dallas, Texas 75219
*Attorneys for Defendant, Barrett Daffin Frappier Turnery & Engel, LLP*

_____
Johnny Taylor

Defendants' Motion to Dismiss - Horton:2763911_1

# Tarrant Appraisal District
## Real Estate
### 08/13/2013

**Account Number:** 01652087
**Georeference:** 25165-5-6
**Property Location:** 6735 Park Place Dr, Richland Hills
**Owner Information:** Federal Hm Loan Mortgage Corp
One Fountain Plaza
Default Servicing 6th Fl
Buffalo Ny 14203-0000

**4 Prior Owners**

**Legal Description:** Matthews Resub/Lts #10,11,&12
Blk 5 Lot 6

**Taxing Jurisdictions:** 020 City of Richland Hills
220 Tarrant County
224 Tarrant County Hospital Dist
225 Tarrant County College Dist
902 Birdville ISD

This information is intended for reference only and is subject to change. It may not accurately reflect the complete status of the account as actually carried in TAD's database.

## Proposed Values for Tax Year 2013

|  | Land | Impr | 2013 Total †† |
|---|---|---|---|
| Market Value | $14,000 | $78,000 | $92,000 |
| Appraised Value † | $14,000 | $78,000 | $92,000 |
| Approximate Size ††† |  |  | 1,780 |
| Land Acres |  |  | 0.0000 |
| Land SqFt |  |  | 0 |

† Appraised value may be less than market value due to state-mandated limitations on value increases
†† A zero value indicates that the property record has not yet been completed for the indicated tax year
††† Rounded

## 5-Year Value History

| Tax Year | XMPT | Appraised Land | Appraised Impr | Appraised Total | Market Land | Market Impr | Market Total |
|---|---|---|---|---|---|---|---|
| 2012 | 000 | $14,000 | $78,000 | $92,000 | $14,000 | $78,000 | $92,000 |
| 2011 | 000 | $14,000 | $78,000 | $92,000 | $14,000 | $78,000 | $92,000 |
| 2010 | 000 | $14,000 | $85,100 | $99,100 | $14,000 | $85,100 | $99,100 |
| 2009 | 000 | $14,000 | $91,000 | $105,000 | $14,000 | $91,000 | $105,000 |
| 2008 | 000 | $14,000 | $91,000 | $105,000 | $14,000 | $91,000 | $105,000 |

**2013 Notice Sent:** 04/30/2013    **Protest Deadline:** 05/31/2013
**Exemptions:** None
**Property Data**
  **Deed Date:** 01/01/2013    **Class:** 007
  **Instrument:** D213013979    **State Code:** A1 Single Family
       **Garage Bays:** 01
  **Year Built:** 1953    **Central Air:** Y
  **Pct Complete:** 100    **Central Heat:** Y
  **TAD Map:** 2078 412    **Pool:** N
  **MAPSCO:** 051Y
  **Agent:** None



EXHIBIT A